[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDING
The parties to this action were divorced in May of 1989. The plaintiff, Brian Dillon, has brought a Motion For Modification dated July 10, 1990, seeking a reduction in his weekly child support and alimony payments. A hearing was held before the magistrate division of July 27, 1990. Both parties appeared and represented themselves.
The request to reduce the weekly alimony payments must be denied, as the original order was not for periodic alimony, but rather a lump sum order, payable in installments of $25.00 per week. In addition, by the terms of the separation agreement incorporated into the decree, the alimony order is non-modifiable as to amount and duration, with no exceptions.
Since May of 1989, the defendant has secured employment as a computer processor, increasing the level of her weekly income by $195.00. The plaintiff states that he agreed to the $200.00 weekly child support order at the time of the dissolution because his employer at that time, Mailly Manufacturing Company, was paying him considerable overtime. While this overtime was not reflected on the affidavit submitted by the plaintiff on May 2, 1989, defendant's divorce attorney knew of the additional income, as reflected by Plaintiff's Exhibits C and D. These exhibits represent two CT Page 989 letters sent to the defendant's attorney prior to the divorce. The letter dated February 16, 1989 indicates an average weekly gross of nearly $800.00 weekly in the beginning of that year. The latter dated April 28, 1989 indicates that for the first four months of that year, the defendant's average weekly gross was $692.00 and his average weekly net income was $528.80.
Since the date of the divorce, the plaintiff lost the job at Mailly and is now working for Palco Connector, Inc., netting $356.97 per week. (See Plaintiff's Exhibits A and B).
I find there has been a substantial change in circumstances since the date of the dissolution warranting a decrease in the plaintiff's weekly child support order. The defendant's weekly income has increased and the plaintiff's weekly income has considerably decreased. Darak v. Darak,210 Conn. 462 (1989).
In accordance with the Child Support Guidelines, the plaintiff's weekly current child support order should be reduced to $79.00 per week per child, for a total of $158.00 per week.
The defendant has also requested that the plaintiff provide her with a medical card for the coverage he now carries at work for the children.
By agreement of the parties, the provisions of Section 46b-84c are hereby incorporated into the orders pertaining to medical insurance entered at the time of the dissolution.
ORDER
The plaintiff's motion to modify, insofar as it pertains to the weekly child support orders, is hereby granted. The motion for a reduction in the weekly alimony order is denied.
Effective August 3, 1990, the weekly child support order is reduced from $100.00 per week per child to $79.00 per week per child, for a total order of $158.00 per week. This order is to be secured by an immediate wage withholding. In addition, by agreement of the parties, the medical orders incident to the dissolution are hereby modified so as to incorporate the provisions of Section 46b-84c of the Connecticut General Statutes.
The plaintiff is also ordered to provide the defendant with a medical card pertaining to the health insurance coverage he now carried for the two children.
All other orders incident to the dissolution remain in full force and effect.
D.F. HARRIGAN, JUDGE CT Page 990